**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,** *Plaintiff/Petitioner,* v. **BEHRUZ AFSHAR, SHAHRYAR AFSHAR, and RICHARD F. KENNY, IV,** *Defendants/Respondents.* | Docket No.: |

**APPLICATION OF THE SECURITIES AND EXCHANGE COMMISSION FOR AN ORDER UNDER SECTION 20(c) OF THE SECURITIES ACT OF 1933, SECTION 21(e) OF THE SECURITIES EXCHANGE ACT OF 1934 AND SECTION 42(d) OF THE INVESTMENT COMPANY ACT OF 1940 ENFORCING COMPLIANCE WITH FINAL COMMISSION ORDER**

The Petitioner, Securities and Exchange Commission (the "Commission"), applies to the Court for an order pursuant to Section 20(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77t(c), Section 21(e) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(e)(1), and Section 42(d) of the Investment Company Act of 1940 ("Investment Company Act"), 15 U.S.C. § 80a-41(d), to enforce compliance by Behruz Afshar ("Behruz"), Shahryar Afshar ("Shahryar") and Richard F. Kenny, Jr. ("Kenny") (collectively referred to as the "Respondents") with a Final Commission Order entered on consent against them on June 13, 2016. On June 13, 2016, the Commission issued an Order making findings and imposing remedial sanctions and cease-and-desist orders on consent pursuant to Section 8A of the Securities Act, Sections 15(b) and 21C of the Exchange Act, and Section 9(b) of the Investment Company Act against Behruz and Kenny, and under Section 8A of the Securities Act and Section

21C of the Exchange Act against Shahryar. The Commission ordered Behruz and Shahryar to jointly and severally disgorge $1,048,824.67, and for Behruz to pay a civil penalty of $150,000, and for Shahryar to pay a civil penalty of $75,000, and injunctive relief along with interest accruing on the monetary amounts due. The Commission ordered Kenny to disgorge $524,412.33, and to pay a civil penalty of $100,000 and applicable interest accrued on these amounts, and injunctive relief. (A copy of the Commission's Order is attached to the Declaration of Michael Roessner as Exhibit 1.).

In support of its Application, the Commission states as follows:

## INTRODUCTION

1. The Commission seeks by this Application to enforce order of the Commission finding that Behruz, Shahryar and Kenny violated Sections 15(b) and 21C of Exchange Act and Section 9(b) of the Investment Company Act and requires the Respondents to disgorge the funds and pay the penalties listed above.

2. Respondents have failed to fully pay the obligations the Commission Order imposed upon them.

## PARTIES

3. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549.

4. Behruz Afshar is a 48 year old man residing in Chicago, Illinois.

5. Shahryar Afshar is a 48 year old man residing in Chicago, Illinois.

6. Richard F. Kenny, IV is a 47 year old man residing in Chicago, Illinois.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under Section 20(c) of the Securities Act, Section 21(e) of the Exchange Act, and Section 42(d) of the Investment Company Act.

8. Venue lies in the Northern District of Illinois under Section 27(a) of the Exchange Act and Section 44 of the Investment Company Act. Respondents are "found" or are "inhabitants" of this District.

## STATEMENT OF RELEVANT FACTS

9. On June 13, 2016, the Commission issued an Order finding, in summary, that Respondents engaged in two fraudulent trading schemes involving the mismarking of option orders to obtain "customer priority," and "spoofing" to generate liquidity rebates.

10. The first scheme involved the mismarking of option orders to take advantage of the benefits that certain exchanges provide to non-professional, public retail investors. These exchanges, including the Chicago Board Options Exchange, the NYSE AMEX Options, the International Securities Exchange, and Nasdaq OMX PHLX ("PHLX"), require option orders from the accounts of public customers (not broker-dealers or market-makers) to be marked as either "customer" or "professional."

11. The second scheme involved manipulative trading known as "spoofing" to collect rebates from the PHLX. During the relevant time period, the PHLX employed a "maker-taker" fee model that offered rebates for orders that provided-or "made"-liquidity (i.e., orders that are posted to the exchange's order book before executing against a subsequent incoming order) and charged fees for orders that "took" liquidity (i.e., orders that execute immediately against previously-received, liquidity-providing orders).

12. On June 13, 2016, the Commission issued an Order making findings and

imposing remedial sanctions and cease-and-desist orders on consent pursuant to Section 8A of the Securities Act, Sections 15(b) and 21C of the Exchange Act, and Section 9(b) of the Investment Company Act against Behruz and Kenny, and also brought Section 8A of the Securities Act and Section 21C of the Exchange Act against Shahryar.

13. The Commission ordered Behruz and Shahryar to jointly and severally disgorge $1,048,824.67, and for Behruz to pay a civil penalty of $150,000, and for Shahryar to pay a civil penalty of $75,000. The Commission ordered Kenny to disgorge $524,412.33, and to pay a civil penalty of $100,000 and applicable interest accrued on all of these amounts.

14. On November 17, 2016, the SEC served upon Respondents' counsel a demand for payment and notice of intent to offset. Respondents have not fully satisfied their obligations as of February 13, 2018.

## **ARGUMENT**

15. The Commission brings this proceeding under Section 21(e) of the Exchange Act and Section 42(d) of the Investment Company Act. These provisions authorize the use of summary proceedings, rather than plenary civil actions, to enforce Commission Orders in the district courts.

16. Proceedings under these provisions are summary in nature. *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). In *McCarthy*, the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*.'"

17. These proceedings are commenced by service of an order to show cause and the application, rather than by service of a summons and a complaint. *SEC v. Stoecklein*, 2015 WL

6455602 at *1 (S.D. Cal. Oct. 26, 2015); *SEC v. Taber*, 2013 WL 6334375 at *1 (S.D.N.Y., Dec. 4, 2013); *SEC v. Markowski*, 2007 WL 2566247 at *1 (M.D. Fla. Aug. 31, 2007).

18. This proceeding, therefore, is properly commenced by service of the moving papers and an order to show cause.

WHEREFORE, the Commission respectfully requests:

I.

That the Court enter an Order to Show Cause, directing Respondents to show cause why this Court should not enter an Order enforcing compliance with the Commission Order referenced above.

II.

That the Court thereafter enter Judgments enforcing the Commission Order and requiring:

Behruz to show cause why a judgment should not be entered against him pursuant to Section 21(e) to disgorge $382,158 (for which he is jointly and severally liable with Shahryar), and to pay a civil penalty of $150,000 and all outstanding interest, and injunctive relief;

Shahryar to show cause why a judgment should not be entered against him pursuant to Section 21(e) to disgorge $382,158 (for which he is jointly and severally liable with Behruz), and pay a civil penalty of $75,000, and all outstanding interest, and injunctive relief;

Kenny to show cause why a judgment should not be entered against him pursuant to Section 21(e) to disgorge $191,079, and a civil penalty of $100,000, and all outstanding interest and injunctive relief; and

Interest accrued pursuant to SEC Rule of Practice 600 and 31 U.S.C. § 3137 from June 13, 2016, the date of the Order, to the date that this Court enters its order.

III.

That the Court order such relief as may be necessary for enforcement of any order of this Court as to disgorgement pursuant to Federal Rule of Civil Procedure 69, and as to the civil

5

monetary penalty pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001 – 3308.

IV.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the order entered herein.

V.

That the Court order such other and further relief as may be just and proper.

Dated: February 13, 2018

Respectfully submitted,

s/MICHAEL J. ROESSNER
MICHAEL J. ROESSNER
Assistant Chief Litigation Counsel
Division of Enforcement
United States Securities and Exchange Commission
100 F Street, NE
Mail Stop 5631
Washington, DC 20549-0022
RoessnerM@SEC.gov
Telephone:  202.551.4347
Facsimile:  703.813.9366
Attorney for Plaintiff/Judgment Creditor
United States Securities and Exchange Commission